UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDY MOHR TRUCK CENTER, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Cause No. 1:12-cv-701-WTL-DKL |
| VOLVO TRUCKS NORTH AMERICA, | ) |
| *a division of* VOLVO GROUP NORTH | ) |
| AMERICA, LLC, | ) |
| | ) |
| Defendant. | ) |

## ENTRY ON DEFENDANT'S SECOND MOTION TO DISMISS

Before the Court is the Defendant's second motion to dismiss (dkt. no. 22), and the Plaintiff's response thereto. The Court, being duly advised, now rules as follows.

### I.   STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the Court takes the facts alleged in the complaint as true and draws all reasonable inferences in favor of the plaintiff. The complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and there is no need for detailed factual allegations.  However, the statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)).

### II.   BACKGROUND

An abbreviated version of the facts as alleged in the Amended Complaint are as follow. After its long-time dealer in central Indiana surrendered its dealership in 2010, Defendant Volvo

Trucks North America ("Volvo") needed a prominent dealership presence in central Indiana. Volvo encouraged Plaintiff Mohr Truck ("Mohr") to open a Volvo Trucks dealership under the Mohr name, seeking to benefit from the goodwill and sales and service reputation of president and owner Andy Mohr and his automobile dealerships, which have operated with great success in the central Indiana region for years. During the course of Mohr's negotiations with Volvo, Mohr came to believe that combining a Volvo trucks franchise with a Mack trucks franchise under one dealership would yield substantial practical and financial synergies for Mohr that would be unavailable from either franchise standing alone. Sam Johnston, Vice President of Dealer Development for both Mack Trucks and Volvo Trucks indicated that putting the franchises together under one dealership would be possible.

In early March 2010, Mohr traveled to Greensboro, North Carolina, and met with various executives of Volvo Trucks and Mack Trucks. During the course of these meetings, Volvo, through its executives, represented that it would grant Mohr a Mack Trucks franchise in a separate transaction and authorize Mohr to operate a Mack Trucks franchise if Mohr first entered into a separate agreement to become a Volvo Trucks dealer. Based on Mohr's conversation with these executives, Mohr later accepted its appointment as a Volvo Trucks dealer on the understanding that Volvo would also grant it a Mack Trucks franchise in a separate transaction. Thereafter Mohr entered into a Dealership Agreement with Volvo.

However, according to Mohr, Volvo executives were aware at the time each of them represented that they would award Mohr the Mack Trucks franchise that Volvo could not perform this promise. Volvo has since failed to award Mohr the Mack Trucks franchise and has refused to honor its agreement. Mohr now seeks legal relief.

Mohr originally filed this action in state court, but Volvo thereafter removed it to this Court on diversity grounds. In response to Volvo's first motion to dismiss, Mohr filed an amended complaint. The amended complaint asserts the following claims against Volvo:

I.    Violation of the Indiana Franchise Disclosure Act;

II.   Unfair practices under Indiana Code 9-23-3;

III.  Theft under the Indiana Crime Victims' Act;

IV.   Breach of Written Contract;

V.    Breach of Oral Contract;

VI.   Promissory Estoppel.

Volvo now moves to dismiss counts III, IV, and V, on the ground that Mohr fails to state claims upon which relief can be granted. The Court rules as follows.

### III.   DISCUSSION

#### A. Indiana Crime Victims' Act

Mohr's second claim for relief alleges a violation of Indiana's Crime Victims' Act (the "CVA"). The CVA provides that a person who suffers a pecuniary loss as a result of a violation of Indiana Code § 35-43, may bring a civil action against the person who caused the loss. Ind. Code § 34-24-3-1. In pertinent part, Indiana Code § 35-43 provides that "[a] person who knowingly or intentionally exerts unauthorized control over property of another person with intent to deprive the other person of any part of its value or use, commits theft." According to Volvo, Mohr fails to state a claim under the CVA because it does not plead theft; rather, the allegation "clearly demonstrates that the money Volvo trucks 'took' was not 'theft,' but payment for technology, tools, trucks, and parts."

In the vernacular, "theft" would not seem to encompass the situation about which Mohr complains. However, the definition of theft in the statute sweeps broader than it would on the street. Control over property of another is "exerted" when a person obtains, takes, carries, drives, leads away, conceals, abandons, sells, conveys, encumbers, or possesses property. Ind. Code § 35-43-4-1(a). Such control is "unauthorized" for purposes of the statute if it is exerted by, *inter alia*, creating, confirming, or failing to correct a false impression in another person and relied on by that person, or promising performance that the promisor knows will not be performed. Ind. Code § 35-43-4-1(b)(4)-(6). Mohr has sufficiently alleged such a situation: Volvo obtained payments from Mohr in return for technology, tools, trucks, and parts, which sales were predicated on Mohr's belief that he would be awarded the Mack Truck dealership, but Volvo knew it would not award him that dealership. Contrary to Volvo's argument, nowhere in the statute is the term "unauthorized control" characterized with respect to whether the aggrieved received property in return for relinquishing his property. As a result, Mohr has stated a claim upon which relief can be granted.

## B.     Breach of Written Contract

Mohr has alleged a claim for breach of the written Dealer Agreement between the parties. According to Volvo, however, Mohr has failed to allege a breach and Volvo is therefore "left without sufficient notice as to the nature of Mohr Truck's breach of contract claim."

It is axiomatic that a breach of contract claim allege breach. To this end, Mohr alleges an "example" of how Volvo breached the Dealer Agreement. Immediately after Mohr opened the Volvo Trucks dealership, Mohr learned that a company was interested in purchasing 16 trucks for $1.6 million. Volvo failed to adhere to the contract requiring it to provide "effective sales, Parts, and service support" as well as "support the Dealer in achieving its customer service

objectives," according to Mohr, because it did not grant Mohr any price concessions to enable it to make the sale to this company at the price it demanded. Volvo argues that this allegation fails to articulate a basis for how or why it is that Volvo has breached its agreement, but the Court does not agree. It may be that, ultimately, the term "support" as used in the contract cannot be interpreted to go so far as to require price concessions in a competitive market, but at this stage the allegation is sufficient: it gives Volvo notice of the way it allegedly breached the agreement and it does so with sufficient particularity as to render it plausible. Accordingly, Mohr's claim survives.

### C.    Breach of Oral Contract

Mohr also asserts a claim for breach of oral contract. According to Mohr, Mohr and Volvo Trucks entered into an oral agreement whereby Volvo Trucks agreed to provide Mohr a Mack Trucks franchise in a separate transaction in exchange for Mohr agreeing to operate a Volvo Trucks dealership. Volvo contends that Mohr's claim for breach of oral contract fails because it has not adequately pled "the operative facts of an offer to appoint Mohr Truck as a Mack Trucks' dealer and . . . the manifestation of mutual assent."

"An offer, acceptance, consideration, and a manifestation of mutual assent establish the existence of a contract." *Rodziewicz v. Waffco Heavy Duty Towing*, 763 N.E.2d 491, 493 (Ind. Ct. App. 2002) (quoting *Homer v. Burman*, 743 N.E.2d 1144 (Ind. Ct. App. 2001))). Reading the Complaint in the light most favorable to Mohr, the following allegation sufficiently pleads an offer: "Volvo Trucks, through its agents and executives Cook, Higgins, Winner, Tomas, Roy, Dawson, Kress, and others, represented . . . that it . . .  would grant Mohr Truck a Mack Trucks franchise in a separate transaction and authorize Mohr Truck to operate a Mack Trucks franchise if Mohr Truck first entered into a separate agreement to become a Volvo dealer." In so alleging,

5

Mohr has provided sufficient facts of the alleged offer – the approximate date of the representations, March 17, 2010, and the speakers, Cook, Higgins, Winner, Tomas, Roy, Dawson, Kress, and others – to give Volvo notice of the claim against it and the grounds on which it rests. In addition, Mohr has alleged sufficient facts regarding the manifestations of mutual assent; specifically, on July 14, 2010, Fredrik Hogberg, Senior Vice President of Distribution Development, "stated that it was a 'matter of time' and that Volvo Trucks was 'making progress' toward fulfilling its end of the bargain." He thereafter "assured Mohr that Volvo Trucks would comply with its agreement to award Mohr Truck the Mack Trucks franchise when the time came." However, several months later, "Hogberg called Mohr to inform him that . . . Volvo Trucks was reneging on its agreement to grant Mohr Truck the Mack Trucks franchise." These allegations sufficiently apprise Volvo of the ways in which Mohr argues it mutually assent to the oral contract alleged.

For the foregoing reasons, Mohr has stated a claim for breach of oral contract.

### IV.   CONCLUSION

For the foregoing reasons, the Defendant's motion to dismiss the Plaintiff's claims is **DENIED** in its entirety.

SO ORDERED:    10/09/2012

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.